UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIM E. DELONG,

       Plaintiff,                                     Civil Action No. 11-14912
                                                      HON.  LAWRENCE P. ZATKOFF
v.                                                    U.S. District Judge
                                                      HON. R.  STEVEN WHALEN
COMMISSIONER OF SOCIAL                                U.S. Magistrate Judge
SECURITY,

       Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Kim Delong brings this action under 42 U.S.C. §405(g), challenging a final decision of Defendant Commissioner denying her application for Disability Insurance Benefits under the Social Security Act.  Both parties have filed summary judgment motions which have been referred for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).   For the reasons set forth below, I recommend that Defendant's Motion for Summary Judgment [Doc. #10] be DENIED and that Plaintiff's Motion for Summary Judgment [Doc. #9] be GRANTED, remanding this case for further proceedings under the fourth sentence of § 405(g)[1].

---

[1]

The district court's authority to remand a case for further administrative proceedings is found in § 405(g). *Hollon v. Commissioner,* 447 F.3d 477, 482–83 (6th Cir.2006). Sentence four of that section provides that "[t]he Court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." A

## PROCEDURAL HISTORY

On March 31, 2008, Plaintiff filed an application for Disability Insurance Benefits ("DIB"), alleging an onset date of February 9, 2007 (Tr. 99).  After the initial denial of the claim, Plaintiff requested an administrative hearing, held on September 20, 2010 in Lansing, Michigan (Tr. 39).  Administrative Law Judge ("ALJ") Thomas L. Walters presided. Plaintiff, represented by Mikel Lupisella, testified, (Tr. 43-50), as did Sharon Princer, a vocational expert ("VE") (Tr. 50-53).  On October 25, 2010, ALJ Walters determined that Plaintiff was not disabled, finding that although she was unable to return to her previous work, she was capable of a significant number of exertionally light jobs (Tr. 28-29).  On September 2, 2011, the Appeals Council denied review (Tr. 1-3).  Plaintiff filed for judicial review of the final decision on November 7, 2011.

## BACKGROUND FACTS

Plaintiff, born September 24, 1957, was 53 when the ALJ issued his decision (Tr. 29, 99). She completed high school and worked previously as a material handler and assembly line worker (Tr. 123, 128).  She alleges disability as a result of back pain; atrial fibrillation; anxiety and depression; leg, shoulder, and neck problems; and a thyroid condition (Tr. 122).

---

sentence four remand which does not grant benefits, but orders further administrative proceedings, must be done in conjunction with a final judgment. *See Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993)(a sentence four remand requires entry of judgment); *Melkonyan v. Sullivan,* 501 U.S. 89, 101–02, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991)(a final judgment must accompany a sentence four remand order); *Berkowski v. Commissioner of Social Sec.,* 652 F.Supp.2d 846, 849 (E.D.Mich. 2009).

### A.     Plaintiff's Testimony

*The ALJ opened the hearing by amending the alleged onset of disability date to September 24, 2007, Plaintiff's 50th birthday (Tr. 42).*

Plaintiff, a resident of Ovid, Michigan, testified that she was two credit hours short of an associate's degree (Tr. 44). She reported that she had been working for the past two weeks as an inspector, but had missed two days of work due to back pain (Tr. 44). She stated that in her previous work as a material handler, she was required to lift up to 45 pounds (Tr. 46). She stated that the job ended in 2007 when the factory was moved to Mexico (Tr. 45).

In response to questioning by her attorney, Plaintiff reported that prior to losing her job, she sought treatment for back, neck, shoulder, and thyroid problems (Tr. 45-46). She alleged that she was unable to lift more than 10 pounds or walk more than four blocks (Tr. 47). She testified that back pain created concentrational difficulties (Tr. 47). She stated that she had not followed up on her physician's recommendation to get an MRI because she did not have medical insurance (Tr. 48).

Plaintiff reported that she currently took thyroid replacement medication as well as medicine for atrial fibrillation, diabetes, and anxiety (Tr. 49). She added that she took Prozak on an as needed basis (Tr. 49). She alleged the side effect of fatigue from her medication regime (Tr. 49). She stated that she cooked, but seldom vacuumed or performed yard work (Tr. 49).

### B.     Medical Evidence

#### 1.  Treating Sources

-3-

In February, 2006, Andrew W. Messenger, D.O. noted that Plaintiff experienced ongoing episodes of atrial fibrillation (Tr. 242). The following month, Dr. Messenger opined that Plaintiff's heart condition would prevent work temporarily (Tr. 238). In March, 2006, Plaintiff reported fatigue, stress, and anxiety as a result of family and financial stressors (Tr. 230). She was prescribed Vicodin before being released from an emergency room (Tr. 154). June, 2006 treating notes state that Plaintiff was currently taking Coumadin for the heart condition but did not experience significant back problems (Tr. 226). In September, 2006, Dr. Messenger observed that Plaintiff had lost weight (Tr. 212). She denied muscle or joint pain (Tr. 212). In November, 2006, Plaintiff again experienced atrial fibrillation (Tr. 201). In March, 2007, Plaintiff sought emergency treatment for neck and shoulder pain (Tr. 153-154). Later the same month, she reported low back problems (Tr. 190). In June, 2007, she reported that neck problems were better but that she experienced continuing shoulder pain (Tr. 184). A psychological intake assessment performed in June, 2007 noted multiple personal stressors and her recent job loss (Tr. 303-307). She was assigned a GAF of 62[2] (Tr. 308). Plaintiff again experienced atrial fibrillation in August, 2007 (Tr. 176). Cardiac evaluation notes from the following month indicate that Plaintiff denied back problems (Tr. 255). However, the same month,, Dr. Messenger noted that as the result of back pain, she required Motrin 800 in order to "function regularly" (Tr. 374). A November, 2007 nerve

---

[2]

GAF scores in the range of 61-70 indicate "some mild [psychological] symptoms or some difficulty in social, occupational, or school functioning." *Diagnostic and Statistical Manual of Mental Disorders--Text Revision* at 34 (*DSM-IV-TR* ), 32 (4th ed.2000).

conduction study of the spine showed "pathology" at S1 and L2 (Tr. 364). An x-ray taken the same month showed mild degenerative spurring (Tr. 372). January, 2008 treating notes state that Plaintiff appeared depressed, but was taking classes (Tr. 159, 350). The following month, Plaintiff reported that her back pain was better when she was moving (Tr. 157). March, 2008 treating notes state that Plaintiff experienced continuing back pain while standing (Tr. 155). During a cardiovascular evaluation performed the same month, Plaintiff denied back problems (Tr. 252). The following month, treatment notes state that Plaintiff reported memory problems (Tr. 281). Plaintiff stated that she experienced difficulty completing a math course (Tr. 282).

In April, 2008, Plaintiff received steroid injections for sacroiliac pain (Tr. 343). In July, 2008, Dr. Messenger remarked that Plaintiff was currently working as a guard and that the preclusions on lifting more than 20 pounds or frequent bending and twisting did not prevent her from being a guard "as long as she doesn't have to chase . . . or battle somebody" (Tr. 336). In August, 2008, Dr. Messenger noted that Plaintiff was making an effort to control her glucose levels, remarking that a recent psychiatric evaluation showing eighth grade level scholastic skills was "pretty close" (Tr. 334). In March, 2009, Dr. Messenger noted that Plaintiff had been hired by his billing department but was "struggling" (Tr. 386). June, 2009 treating notes state that Plaintiff's uninsured status precluded laboratory studies (Tr. 384).

### 2. Non-treating Sources

In June, 2008, Joe Deloach, PhD completed a non-examining Psychiatric Review

Technique on behalf of the SSA, finding that Plaintiff experienced anxiety and depression, but that the conditions did not create significant limitations (Tr. 311, 314, 316, 321). The same month, Janet Grimm performed a non-examining Physical Residual Functional Capacity on behalf of the SSA, finding that Plaintiff could lift 20 pounds occasionally and 10 frequently; sit, stand, or walk for six hours in an eight-hour workday; and push and pull without limitation (Tr. 326). Plaintiff was deemed capable of frequent (as opposed to *constant*) balancing, stooping, kneeling, crouching, crawling and ramp and stair climbing, but was limited to occasional climbing of ladders, ropes, and scaffolds (Tr. 327). Grimm found the absence of manipulative, visual, communicative, or environmental limitations (Tr. 328-329).

### 3. Material Submitted After the ALJ's October 25, 2010 Administrative Opinion[3]

---

[3]

Material submitted to the Appeals Council subsequent to the administrative decision is subject to a narrow review by the district court. *Cotton v. Sullivan,* 2 F.3d 692, 696 (6th Cir.1993). Where the Appeals Council denies a claimant's request for a review of his application based on new material, the district court cannot consider that new evidence in deciding whether to "uphold, modify, or reverse the ALJ's decision." *Id.* at 695–96. Sentence Six of 42 U.S.C. § 405(g) states that the court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but *only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding* ..." (emphasis added). Hence, this Court may consider the additional evidence only for purposes of determining whether remand is appropriate under the sixth sentence of § 405(g).

These records contain material arguably relevant to the disability claim (Tr. 394-422). However, Plaintiff has not provided good cause for their late submission  and does not request a remand on that basis.  A remand under Sentence Six is therefore unavailable. However, as discussed below,  independent grounds for remand exist under the fourth sentence of § 405(g).  The Court may order upon remand that the ALJ consider the latter submitted material. *Faucher v. Secretary of Health and Human Services*, 17 F.3d 171, 175

In May, 2008, neuropsychologist Dr. Michael Ezzo conducted psychological testing, observing that Plaintiff read at the eighth grade level, spelled at the sixth grade level, and could perform arithmetic at the high school level (Tr. 420). He noted that "[t]est results suggest problems with visual memory and constructional abilities" (Tr. 422). He observed that "due to mental fatuge (sic) or situational stress" Plaintiff had "difficulty sustaining attention" (Tr. 422). July, 2008 treating notes by Dr. Ezzo state that Plaintiff exhibited normal concentration and good judgment (Tr. 401). The same month, Plaintiff reported depression after flunking another school test (Tr. 404). August, 2008 treating notes state that Plaintiff flunked a math course but received an "A" in computer science (Tr. 396).

### C. Vocational Expert

VE Sharon Princer classified Plaintiff's former job as handler as semiskilled and exertionally medium (as performed); and packer, unskilled/medium[4] (Tr. 51). The ALJ then posed the following hypothetical question to the VE, taking into account Plaintiff's age, education, and work background:

(6th Cir. 1994).

[4]

20 C.F.R. § 404.1567(a-d) defines *sedentary* work as "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools; *light* work as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds;" *medium* work as "lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds;" and that exertionally *heavy* work "involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds.

> [L]ight, unskilled work.  This work would only require occasional bending,
> twisting and turning, no climbing, no prolonged walking, no working around
> moving machinery or unprotected heights (Tr. 51).

The VE responded that given such limitations,  Plaintiff could work as an information clerk

(27,000 positions in the regional economy); confection inspector (5780); and cashier (32,370)

(Tr. 52).  She stated that her testimony conformed to the information found in the Dictionary

of Occupational Titles ("DOT") (Tr. 52).  The VE testified that if Plaintiff's allegations of

back pain, fatigue, concentrational problems, and limitations as a result of diabetes and

thyroid problems were fully credited, she would be unable to perform the above stated jobs

(Tr. 52).  In response to questioning by Plaintiff's attorney, the VE stated that if Plaintiff's

testimony were fully credited, she would be limited to sedentary work (Tr. 53).

### D.     The ALJ's Decision

Citing the medical transcript, ALJ Walters found that although Plaintiff experienced

the severe impairments of a "mild degenerative spurring and osteopenia of the lumbosacral

spine, atrial fibrillation, depression, anxiety, obesity, hypothyroidism, and diabetes mellitus,"

none of the conditions met or medically equaled one of the impairments listed in Appendix

1, Subpart P, Regulations No. 4 (Tr. 23).  He found that she experienced moderate limitations

in concentration, persistence, or pace (Tr. 24).  The ALJ determined that Plaintiff retained

the   residual functional capacity ("RFC") for unskilled light work with the following

additional limitations:

> [O]ccasional bending, twisting, and turning.  She cannot engage in climbing
> or prolonged walking and no work around heights or moving machinery

-8-

(Tr. 15).  Adopting the VE's job findings, he determined that Plaintiff could perform the work of an information clerk, inspector, and cashier (Tr. 29).

The ALJ rejected Plaintiff's allegations of disability, noting that imaging studies of the spine yielded essentially unremarkable results (Tr. 25, 27).  He cited Plaintiff's GAF scores of 62 and 65, noting that psychological problems did not prevent her from forming meaningful relationships (Tr. 27).

## STANDARD OF REVIEW

The district court reviews the final decision of the Commissioner to determine whether it is supported by substantial evidence.  42 U.S.C. §405(g); *Sherrill v. Secretary of Health and Human Services,* 757 F.2d 803, 804 (6th Cir. 1985).  Substantial evidence is more than a scintilla but less that a preponderance.  It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971) (*quoting Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, S. Ct. 206, 83 L.Ed.126 (1938)). The standard of review is deferential and "presupposes that there is a 'zone of choice' within which decision makers can go either way, without interference from the courts." *Mullen v. Bowen,*  800 F.2d 535, 545 (6th Cir. 1986)(en banc).  In determining whether the evidence is substantial, the court must "take into account whatever in the record fairly detracts from its weight." *Wages v. Secretary of Health & Human Services*, 755 F.2d 495, 497 (6th Cir. 1985). The court must examine the administrative record as a whole, and may look to any evidence in the record, regardless of whether it has been cited by the ALJ. *Walker v. Secretary of Health and Human Services*,

884 F.2d 241, 245 (6th Cir. 1989).

## FRAMEWORK FOR DISABILITY DETERMINATIONS

Disability is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §423(d)(1)(A). In evaluating whether a claimant is disabled, the Commissioner is to consider, in sequence, whether the claimant: 1) worked during the alleged period of disability; 2) has a severe impairment; 3) has an impairment that meets or equals the requirements of an impairment listed in the regulations; 4) can return to past relevant work; and 5) if not, whether he or she can perform other work in the national economy.  20 C.F.R. §416.920(a).  The Plaintiff has the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five to demonstrate that, "notwithstanding the claimant's impairment, he retains the residual functional capacity to perform specific jobs existing in the national economy." *Richardson v. Secretary of Health & Human Services,* 735 F.2d 962, 964 (6th Cir.1984).

## ANALYSIS

### A.  The Vocational Expert's Testimony is Supported by the DOT

Plaintiff argues that the VE's job findings were not responsive to the ALJ's hypothetical question.  *Plaintiff's Brief* at 8, *Docket #9.*  Specifically, she contends that although the hypothetical question allowed for the performance of exertionally light work,

-10-

two of the three jobs cited by the VE (information clerk and cashier) were described as sedentary in the DOT.[5]   *Id.*   She asserts the job of "confection inspector," the VE's third job finding, is not listed in the DOT.   *Id.*   She contends that because the VE's job findings were inconsistent with the DOT, a remand for further fact-finding or benefits is appropriate. *Id.* at 10.

[T]he Social Security Administration imposes an affirmative duty on ALJs to ask VEs if the evidence that they have provided 'conflicts with the information provided in the DOT.'" *Lindsley v. Commissioner of Social Sec.,* 560 F.3d 601, 606 (6th Cir. 2009)(citing S.S.R. 00-4p, 2000 WL 1898704, at *4). Notwithstanding, "'[n]othing in S.S.R. 00-4p places an affirmative duty on the ALJ to conduct an independent investigation into the testimony of witnesses to determine if they are correct.'" *Lindsley* at 606 (citing *Martin v. Comm'r of Soc. Sec.,* 170 Fed.Appx. 369, 374 (6th Cir.2006)).

In the present case, the ALJ complied with the requirements of SSR 00-4p by asking the VE if her testimony was consistent with the information found in the DOT (Tr. 52).  The ALJ was not obliged to further challenge the veracity of the vocational testimony.  *Lindsley*

---

[5]

Whether Plaintiff, 50 at the time of the alleged onset date, could perform light work is critical since a Step Five finding that she was limited to sedentary work would direct a finding of disabled. "The 'grid,' Pt. 404, Subpt. P, App. 2, directs a finding of disabled if Plaintiff [closely approaching advanced age] has a residual functional capacity [ ] for only sedentary work, § 201.09, but not if [the] RFC is light. § 202.10." *Davis v. Secretary of Health and Human Services* 634 F.Supp. 174, 177 (E.D.Mich.,1986); 20 C.F.R. Pt. 404, Subpt. P., App. 2, Rule 201.09 (1999); *see also Scales v. Commissioner of Social Sec.,* 1996 WL 343533, *2 (6th Cir.1996).

at 606.   Further, Plaintiff's counsel at the time did not dispute any of the VE's job findings.

As such, the ALJ's adoption of the uncontradicted testimony does not provide grounds for

remand.  *Id.*

Plaintiff's substantive argument that the VE's testimony did not conform to the

hypothetical limitations posed by the ALJ is also without merit.   Defendant correctly notes

that DOT listing 237.367-018 ( information clerk) describes unskilled, exertionally light

work.  *Defendant's Brief* at 8, *Docket #10.*   Likewise,  DOT listing 211.462-010 (cashier)

is described as light and unskilled.  *Id.*  Defendant also points out that while the DOT does

not contain the job title "convection inspector," it includes the job title "inspector, processing

(sugar and conf.)."  *Id.* (citing DOT 529.687-114).   Therefore, a remand on the basis that the

VE's testimony was not consistent with the DOT is unwarranted.


### B.  Flawed Hypothetical Question

The ALJ's failure to address Plaintiff's psychological limitations in the hypothetical

question to the VE constitutes grounds for remand.   *See Varley v. Comm'r of Health and*

*Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987)(The failure to account for a claimant's

work related limitations in the hypothetical question to the VE constitutes error).  Here, while

the ALJ stated in the administrative opinion that he found moderate deficiencies in

concentration, persistence, or pace ("CPP") (Tr. 24), he erred by posing a hypothetical

question to the VE containing no reference to psychological or concentrational limitations

(Tr. 51).  Moderate deficiencies in CPP represent substantial limitations which must be

-12-

acknowledged in the hypothetical question. *Edwards v. Barnhart,* 383 F.Supp.2d 920, 931 (E.D.Mich.2005)(Friedman, J.); 20 CFR § 416.920a (3)(4)(moderate CPP deficiencies (as opposed to *mild* deficiencies) denote some level of work related limitation). The failure to account for moderate deficiencies in concentration, persistence and pace in the hypothetical question constitutes reversible error. *Edwards..*

There is some divergence of opinion in this district and elsewhere as to what modifiers sufficiently account for moderate deficiencies in CPP. "[U]nskilled work," or "simple work" are generally insufficient to account for moderate deficiencies in CPP. *Id.*; *Ealy v. Commissioner,* 594 F.3d 504, 516 (6th Cir.2010)("simple repetitive" not sufficient); *Sutherlin v. Commissioner of Social Sec.,* 2011 WL 500212, *3 (E.D.Mich.2011)(limitation of "one to two step tasks" adequately addresses moderate limitations in CPP). However, I am unaware of any instance where "unskilled work," with nothing more, accounts for such limitations.

More generally, evidence supporting the finding that Plaintiff's psychological limitations require more than a restriction to "unskilled work" is well supported by the record before the ALJ (Tr. 51). The record shows that Plaintiff was unable to pass a math course at a community college, and was noted by Dr. Messenger to possess only middle school level scholastic skills (Tr. 282, 334, 386).[6]

---

[6] While Plaintiff has not presented grounds for a Sentence Six remand for consideration of Dr. Ezzo's records, *see* fn. 3, *supra*, those records do support the ALJ's finding that Plaintiff experienced moderate psychological deficiencies, and may be considered on remand. *Faucher, supra,* 17 F.3d at 171.

The final question is whether to remand to the administrative level for an award of benefits or further proceedings.   Plaintiff has not shown an "overwhelming" case for disability. *Faucher, supra,* 17 F.3d at 171.  As such, the case should be remanded for further administrative proceedings, including a properly crafted  hypothetical question and further testimony from a VE.  *Id.*   I recommend further that upon remand, the ALJ also be required to consider the later-submitted psychological treating records of Dr. Ezzo.  *Id.* at 175 (when ALJ commits error that resulting in a sentence four remand, untimely submitted evidence can be considered, even though claimant has not otherwise met the requirements for Sentence Six remand).

## CONCLUSION

For these reasons,  I recommend that Defendant's Motion for Summary Judgment [Doc. #10] be DENIED and that Plaintiff's Motion for Summary Judgment [Doc. #9] be GRANTED, remanding this case for further proceedings under the fourth sentence of § 405(g).

Any objections to this  Report and Recommendation must be filed  within 14 days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir.  1991); *United States v. Walters,* 638 F.2d 947 (6th Cir.  1981).  Filing of objections which raise some issues but fail to raise others with

-14-

specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within 14 days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than 20 pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

<div style="margin-left:40%;">

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

</div>

Date: November 29, 2012

<div style="text-align:center;">

CERTIFICATE OF SERVICE

</div>

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail disclosed on the Notice of Electronic Filing on November 29, 2012.

<div style="margin-left:40%;">

s/Johnetta M. Curry-Williams
Case Manager

</div>

<div style="text-align:center;">

-15-

</div>