**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KIM EILEEN DELONG,

      Plaintiff,

v.                                                                    Case. No. 11-14912
                                                                      Hon. Lawrence P. Zatkoff

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on February 11, 2013

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

Plaintiff filed this action seeking disability insurance benefits under the Social Security Act.
This matter currently comes before the Court on the Magistrate Judge's Report and
Recommendation [dkt 11], in which the Magistrate Judge recommends that Defendant's Motion for
Summary Judgment [dkt 10] be denied and Plaintiff's Motion for Summary Judgment [dkt 9] be
granted, and that this case be remanded for further proceedings under the fourth sentence of 42
U.S.C. § 405(g).   Defendant has filed an objection to the Magistrate Judge's Report and
Recommendation [dkt 13].  Plaintiff has not yet responded to Defendant's objections and the Court
determines that such response is unnecessary at this time.

The Court has thoroughly reviewed the court file, the respective motions, the Report and
Recommendation, and Defendant's objection.  For the reasons discussed below, the Court ADOPTS

the Magistrate Judge's Report and Recommendation. Defendant's Motion for Summary Judgment is DENIED, Plaintiff's Motion for Summary Judgment is GRANTED, and this case is remanded for further proceedings. The Court will, however, briefly address Defendant's objection.

## II.  LEGAL STANDARD

The Court examines an ALJ's decision to determine if the correct legal standard was used and if the findings are supported by substantial evidence. *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997). The ALJ's decision "is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Id.* Substantial evidence is "more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989).

In determining whether the Commissioner's decision is supported by substantial evidence, the Court must examine the administrative record as a whole. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (per curiam). The Court may not try the case de novo, resolve conflicts in evidence, or decide questions of credibility. *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). If the Commissioner's decision was supported by substantial evidence and decided under the correct legal standard, the Court must affirm the Commissioner's decision even if it may decide the case differently, and even if substantial evidence also supports the claimant's position. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc).

## III.  ANALYSIS

Defendant raises one objection to the Magistrate Judge's Report and Recommendation: the

2

Magistrate Judge incorrectly concluded that the ALJ's hypothetical question to the vocational expert was flawed. The ALJ posed a hypothetical question that limited Plaintiff to "unskilled work," but failed to address Plaintiff's mental deficiencies. The Magistrate Judge found the ALJ's failure to present the mental deficiencies in the hypothetical question to constitute reversible error. For the reasons that follow, the Court will not disturb the Magistrate Judge's findings.

During the administrative hearing, the ALJ posed the following hypothetical question to the vocational expert, taking into account Plaintiff's age, education, and work background: "[L]ight, unskilled work. This work would only require occasional bending, twisting and turning, no climbing, no prolonged walking, no working around moving machinery or unprotected heights." Yet, the ALJ stated in the subsequently issued administrative opinion that Plaintiff suffered from moderate mental deficiencies in concentration, persistence and pace (hereinafter referred to as "CPP"). The decision by the ALJ to form a hypothetical question that omitted mention of Plaintiff's mental deficiencies, according to the Magistrate Judge, was flawed and constitutes grounds for remand.

To support his finding, the Magistrate Judge cited to *Edwards v. Barnhart*, wherein the court found that the ALJ's hypothetical questions posed to the vocational expert—which did not adequately consider the plaintiff's mental limitations in CPP— necessitated remand. 383 F. Supp. 2d 920 (E.D. Mich. 2005). Using *Edwards*, the Magistrate Judge opined that limiting Plaintiff to "unskilled work, with nothing more" did not adequately account for Plaintiff's mental limitations. As such, the Magistrate Judge concluded that the complete failure to address Plaintiff's deficiencies in CPP in the hypothetical question was chargeable error.

Though the Magistrate Judge only relied on *Edwards*, other judges in this district have

3

similarly ordered remand where an ALJ's hypothetical question does not include a specific reference to moderate mental limitations in CPP.  *See, e.g.*, *Long v. Comm'r of Soc. Sec.*, No. 09-14227, 2010 WL 6413317 at *7 (E.D. Mich. Dec. 6, 2010) ("In the present case, the ALJ gave Plaintiff the mental limitation for 'simple unskilled work.'  However, the ALJ also determined that 'with regard to concentration, persistance or pace, [Plaintiff] has moderate difficulties.'  The ALJ did not incorporate [that] limitation . . . into the controlling hypothetical.  This was error." (internal citations omitted))*; Benton v. Comm'r of Soc. Sec.*, 511 F. Supp. 2d 842, 849 (E.D. Mich. 2007) ("Here, the ALJ found that although Plaintiff has a moderate deficiency in her ability to maintain concentration, persistence, and pace, she is able to perform simple, routine, repetitive work.  However, the limitations included in the hypothetical question and the VE's [*i.e.*, vocational expert's] testimony regarding the effect a lack of concentration has on the jobs mentioned was insufficient to suitably accommodate Plaintiff's concentration limitations.").

The inquiry does not end here, however, as Defendant correctly notes that other cases—also originating from within this district—have held that an ALJ formed an accurate hypothetical by limiting the claimant to unskilled work despite omitting moderate CPP limitations.  *See, e.g.*, *Hess v. Comm'r of Soc. Sec.*, No 07-13138, 2008 WL 2478325 at *7–8 (E.D. Mich. June 16, 2008) ("Taken in isolation, the hypothetical limitations consisting of '[s]imple routine tasks in a low stress environment' and 'minimal changes in the work place setting' might appear inadequate to account for 'moderate' concentration and pacing deficiencies.  However, the record as a whole indicates that the hypothetical question and the ALJ's finding of 'moderate' limitations  .  .  .  are not incompatible."); *Latare v. Comm'r of Soc. Sec.*, No. 08-13022, 2009 WL 1044836 at *3 (E.D. Mich. Apr. 20, 2009) ("The Law Judge's hypothetical questions to the Vocational Expert accurately

4

described Plaintiff's moderate limitations caused by her depressive disorder.  There is no merit to Plaintiff's argument that the ALJ should have included a limitation that she had moderate limitations in maintaining concentration, persistence or pace.").

As provided above, the Magistrate Judge concluded that the ALJ's failure to address Plaintiff's moderate deficiencies in CPP in the hypothetical question posed to the vocational expert constitutes reversible error and requires remand to the Commissioner for further proceedings. Although Defendant offers to the Court cases from this district that have held otherwise, Defendant fails to identify a compelling basis on which to distinguish its cited cases from the line of cases that align with, and support, the Magistrate Judge's decision to order remand here.  Merely providing a case and its holding, with nothing more, will not convince the Court to diverge from the well-reasoned opinion of the Magistrate Judge.  Accordingly, the Court ADOPTS the Magistrate Judge's Report and Recommendation.

## IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the Court ADOPTS the Magistrate Judge's Report and Recommendation [dkt 11].  Defendant's Motion for Summary Judgment is DENIED [dkt 10], Plaintiff's Motion for Summary Judgment is GRANTED [dkt 9], and this case is remanded for further proceedings consistent with the Magistrate Judge's Report and Recommendation.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff

Date: February 11, 2013               LAWRENCE P. ZATKOFF
                                      UNITED STATES DISTRICT JUDGE

5